Patrick A. Shea (Bar No. 2929)
**PATRICK A. SHEA, P.C.**
252 S. 1300 E., Suite A
Salt Lake City, UT 84102
Telephone: (801) 305-4180
FAX: (801) 582-0834
Email: pas@patrickashea.com

Jacque M. Ramos (Bar No. 10720)
J. Ramos Law Firm, PLLC
252 South 1300 East, Suite A
Salt Lake City, UT 84102
Telephone: (801) 521-2442
FAX: (801) 582-0834
Email: jramos@jramoslawfirm.com

Attorney for Ira Platt, Legacy Pool Holdings, LLC and
Georgiana Ventures, LLC.

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PARK RESTAURANT HOLDINGS, LLC a Nevada Limited Liability Company,<br><br>        Plaintiff,<br><br>   v.<br><br>IRA PLATT, an individual; LEGACY POOL HOLDINGS, LLC, a Delaware Limited Liability Company; and GEORGIANA VENTURES, LLC a Delaware Limited Liability Company,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER STAYING CASE AND COMPELLING ARBITRATION<br><br>Case No.:  2:11-cv-01056 DN |

On April 25, 2012, the Court heard oral argument on Defendants' Motion to Dismiss or Alternatively to Stay Proceeding and Compel Arbitration (docket no. 10).  Jay D. Gurmankin and Christopher R. Hogle with Holland & Hart LLP were present on behalf of Plaintiff.  Patrick A. Shea and Jacque M. Ramos were present on behalf of Defendants.

The Court having reviewed the pleadings submitted by the parties, and having heard oral argument from all counsel, and for other good cause appearing, enters the following **FINDINGS**:

(1) Park Restaurant Holdings did not enter into an arbitration agreement with Legacy Pool Holdings, LLC.  Accordingly, Park Restaurant Holdings cannot be compelled to arbitrate its claims against Legacy Pool Holdings.

(2) With respect to Plaintiff's claims against Defendants Ira Platt and Georgiana Ventures, LLC, it is in the Court's view that in determining whether arbitration is mandatory the first sentence in paragraph 14.12 of the Operating Agreement stating that "[a]ny action to enforce or interpret this Agreement, or to resolve disputes with respect to this Agreement as between the LLC and a Member, or between or among the Members, shall be settled by arbitration . . . ." controls, not only because of its language but because of the strong presumption in favor of arbitration.

(3) Additionally, the second sentence of 14.12 of the Operating Agreement when read with section 14.13 means that each member has the right to invoke the right to arbitration and if the member invokes the right to arbitration then there is no right to other litigation process.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss or Alternatively to Stay Proceeding and Compel Arbitration (docket no. 10) is GRANTED IN PART and DENIED IN PART. Defendants' Motion to Dismiss is DENIED. Defendants' Motion to Stay is GRANTED.

IT IS FURTHER ORDERED that this case is STAYED pending the completion of Arbitration and within fourteen days of the conclusion of Arbitration, any party may move the court for an order lifting the stay, so that the case may proceed as to claims, if any, against Legacy Pool Holdings.

DATED this 3rd day of May, 2012.

BY THE COURT:

_____
*David Nuffer*
*U.S. District Judge*

Reviewed as to Form and Approved (prior to revisions by the court):

_____
Christopher R. Hogle
Holland & Hart LLP
*Attorney for Plaintiff Park Restaurant Holdings, LLC*